## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JOEY D. BARNETT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:14-cv-241** |
| | § | |
| **CITY OF SHERMAN, TEXAS** | § | |
| **Defendant.** | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Joey D. Barnett, Plaintiff, and files this original complaint against City of Sherman, Texas (hereinafter "the City" and "Defendant"), and would respectfully show the Court as follows:

## I. PARTIES

1.      Plaintiff is an individual residing in Grayson County, Texas.

2.      Defendant City of Sherman, Texas is a municipality of the State of Texas and may be served by serving Carolyn S. Wacker, Mayor, 220 W. Mulberry Street, P.O. Box 1106, Sherman, Texas 75091-1106.

## II. JURISDICTION

3.      Jurisdiction is founded on federal question, specifically, 42 U.S.C.  § 2000e, *et seq*. (Unlawful Employment Practices), as amended; 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended; and under 29 U.S.C. § 2601, *et seq*., (The Family Medical and Leave Act) ("FMLA"), as amended.

.

4.      All prerequisites to filing suit have been met.

## III. FACTS

5.      Plaintiff was an employee of Defendant for over thirteen (13) years.  At the time of his discharge, he was employed as a custodian in the Building Services department.

6.      On February 2, 2012, Dr. David Ramsey performed an anterior cervical vertebral fusion on Plaintiff's cervical vertebrae.  The surgery was successful.

7.      After approximately eight weeks, Dr. Ramsey released Plaintiff to return to work with restrictions including no lifting over 50 pounds, no vibrational activities, and no overtime hours for the first two weeks and only increased hours as tolerated.

8.      Mr. Wayne Blackwell, human resources director, and Gary Miller, Plaintiff's supervisor at the time, approved his return to work with these restrictions on or about April 2, 2012.

9.      Plaintiff has made a good recovery and performed the essential functions of his job as a custodian in Building Services for approximately one year post-surgery.

10.     Dr. Ramsey continued to review his progress every six months.  Plaintiff's only current restrictions are not to lift over 50 pounds and to avoid using the vibrating floor buffer.

11.     Beginning in or about February 2013, Plaintiff was subjected to continued harassment by his immediate supervisor, Mike Grant.  Mr. Grant repeatedly asked Plaintiff to lift objects in excess of 50 pounds.  On February 14, 2013, he sent Plaintiff home due to his restrictions "not being clear enough."

12.     Plaintiff saw Dr. Ramsey and went over the job restrictions with him. Dr. Ramsey opined in writing on February 15, 2013 that the restrictions needed to stay in place at the present time.

13.     On February 28, 2013, Plaintiff was instructed to report to Mr. Blackwell and he told Plaintiff to go back to the doctor to have the restrictions removed.

14.     Mr. Grant continued his harassment including yelling at Plaintiff because the first floor restroom needed supplies.  Mr. Grant was rude, angry, and hostile toward Plaintiff and constantly checking his work.

15.     On March 20, 2013, Plaintiff again went to Dr. Ramsey at the City's request.  Dr. Ramsey again made clear Plaintiff's restrictions were medically required at the present time.  He provided the City with a written Physical Ability Assessment dated March 21, 2013 to that effect and stated that he expected to lift the restrictions by February 2, 2014.  This date is approximately two years post-surgery and is the expected recovery period for this type of surgery.

16.     On April 10, 2013, Mr. Blackwell wrote to advise Plaintiff that his physician's restrictions had "rendered" him unable to perform the essential functions of his position and the City was unable to accommodate the restrictions.  Therefore, Plaintiff "must be placed on leave" effective April 11, 2013.  The letter included the FMLA paperwork and policy.

17.     Jim Cross, the maintenance supervisor, informed Plaintiff he would be fired if the restrictions were not removed.  Mr. Cross sent Plaintiff home at that time.

18.     On April 29, 2013 Plaintiff made a written complaint to the City's human resources department and his supervisors requesting an investigation of the discrimination and harassment he had experienced.

19.     The City ignored his complaint and never responded.  Instead, they placed him on involuntary "sick leave" and refused to return him to work.

20.     Plaintiff had been doing the essential functions of his job since he returned from surgery in April 2012.

21.     Plaintiff's supervisor at the time, Mr. Miller, and Mr. Blackwell, human resources director, approved Plaintiff's return to work with the restrictions.  Operation of the vibrating floor buffer is not an essential duty of his job.  In his 13 years of experience with the City, floor buffing was only been done 2-3 times a year.

22.     Dr. Ramsey did not believe Plaintiff is "unable to perform the essential functions of [his] position" as Mr. Blackwell claimed.

23.     In correspondence dated July 17, 2013, Mr. Blackwell advised Plaintiff that as his twelve weeks of Family and Medical Leave had expired and Plaintiff's "current medical condition prohibits [him] from performing the essential functions of [his] job."  Therefore, Plaintiff was terminated effective July 17, 2013.

24.     Plaintiff appealed his termination on July 18, 2013.  On August 2, 2013, George Olson, City Manager, upheld the termination of Plaintiff's employment.

25.     Plaintiff maintained a good work record with the City.  He was recognized as the employee of the month for March 2004.

26.     At the time the City placed Plaintiff on involuntary "family and medical leave", he was earning $13.006 per hour for 40 hours per week plus benefits including longevity pay of $30.00 per biweekly pay period.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

## Violations of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990)

## ("ADA"), as amended

27.     A.      Plaintiff alleges that he was discharged in violation of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of his disability or perceived disability.

28.     B.      Plaintiff claims all relief, legal and equitable, that effectuate his rights under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

29.     C.      Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

30.     D.      On or about June 28, 2013, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 17, 2014, he received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division/U.S. Equal Employment Opportunity Commission, which was dated March 11, 2014.

31.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

## Violations of 29 U.S.C. 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"),

## as amended

32.     A.      Plaintiff alleges Defendant's unilateral attempt to place him on FMLA without his request or consent is not authorized by the Family and Medical Leave Act.

33.     B.      Plaintiff alleges Defendant's conduct is an unlawful interference with his rights under the Family and Medical Leave Act.

34.     B.      Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 2601, *et seq.*, (The Family Medical and Leave Act) ("FMLA"), as amended.

35.     C.      Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 2601, *et seq.*, (The Family Medical and Leave Act) ("FMLA"), as amended.

## V.  DAMAGES

36.     Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in equity pursuant to 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990) ("ADA"), as amended and under 29 U.S.C. § 2601, *et seq.*, (The Family Medical and Leave Act) ("FMLA"), as amended.

## VI. ATTORNEY'S FEES

37.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

38.     Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


  /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**